# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11826
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 31, 2018

Lyle W. Cayce
Clerk

RICKEY A. LYONS,

Plaintiff-Appellant

v.

BANK OF AMERICA NATIONAL ASSOCIATION; AMERICA'S WHOLESALE LENDER; BANK OF NEW YORK MELLON, CWABS, Inc. Series 2004-3; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, also known as MERS; DOES 1 THROUGH 100 INCLUSIVE,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CV-2608

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Rickey A. Lyons appeals the district court's judgment in favor of the Defendant-Appellee, Bank of America, America's Wholesale Lender, Bank of New York Mellon, CWABS, Inc., and Mortgage Electronic Registration System (collectively, "defendants"). In his suit against them,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11826

Lyons alleged the defendants engaged in, inter alia, negligent misrepresentation and fraud.  Lyons also appeals the denial of his motion for a new trial.

Lyons argues that the district court abused its discretion when it relied on unauthenticated documents in finding that the defendants had sent him notices of various legal actions in relation to his loan.  He also challenges the testimony of the corporate representative as unreliable because he did not draft the notices and lacked knowledge of who sent the documents.  Lyons further claims that the defendants did not disclose, prior to trial, the existence of the contested exhibits or specify the name of the corporate representative.

Lyons did not lodge these evidentiary objections at trial, so we will review for plain error only.  FED. R. EVID. 103(e).  An error is plain when it is clear or obvious and affects the defendant's substantial rights. *United States ex rel. Small Bus. Admin. v. Commercial Tech, Inc.*, 354 F.3d 378, 389 (5th Cir. 2003).  The substantial rights of a defendant are affected only if the error affected the outcome of the district court proceedings, and plain error is reversible only where a miscarriage of justice would occur.  *Id.*

Lyons has not shown any error related to disclosure of the exhibits, as the defendants disclosed their existence prior to trial.  *See* FED. R. CIV. P. 26(a)(3)(A)(iii).  Similarly, he has not shown any error related to the authentication of those exhibits.  Lyons denied receipt of the notices, but he and the corporate representative confirmed that the exhibits were the notices sent by the defendants and the return receipt card from a certified mailing.  These witnesses had knowledge of the exhibits, so they were qualified to authenticate the documents.  The district court did not err in admitting them. *See* FED. R. EVID. 901(b)(1).

No. 16-11826

As to the failure to identify the corporate representative, raised in Lyons's motion for a new trial, Lyons was aware that the defendants intended to call a corporate representative who would testify about Lyons's breach of the mortgage and loan agreement. The name of the representative did not implicate the nature of the proposed testimony. Lyons fails to show how the nondisclosure affected his substantial rights.

We will not consider Lyons's contentions regarding violations of consent decrees by Bank of America because he did not raise those issues in the district court, and the documents were not part of the record. *See Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999).

Finally, Lyons argues that his attorney breached her fiduciary duty to him when she waived his right to a jury trial because she lacked authorization to make such a stipulation. Lyons's conduct at and participation in the proceedings amounted to an acquiescence to a bench trial. *See Casperone v. Landmark Oil & Gas Corp.*, 819 F.2d 112, 116 (5th Cir. 1987).

AFFIRMED.